## Richmond

GRENCO REAL ESTATE INVESTMENT TRUST
v. RICHARD H. BROOKER, SR., ET AL.

January 20, 1975.

Record No. 740189.

Present, All the Justices.

*C. Waverly Parker,* for plaintiff in error.

No brief filed on behalf of defendants in error.

Per Curiam.

The question for decision in this case is whether a real estate investment trust created under Chapter 9 of Title 6.1 of the Code of Virginia qualifies as an "unincorporated association" within the meaning of Code § 8-66 [1] and is thereby entitled to sue in its own name rather than by its trustees.

The question arose when a demurrer was filed to a motion for judgment brought by Grenco Real Estate Investment Trust against Richard H. Brooker, Sr., and Patricia G. Brooker. The motion sought recovery of $5,425.27 plus interest and attorneys fees allegedly due by promissory note. The demurrer alleged that Grenco was not a proper party plaintiff and that the action

---

[1] Code § 8-66 reads as follows: "All unincorporated associations or orders may sue and be sued under the name by which they are commonly known and called, or under which they do business, and judgments and executions against any such association or order shall bind its real and personal property in like manner as if it were incorporated. Process against such association or order or notice to it may be served on any officer or trustee, director, staff member or agent of such association or order."

should have been brought by the trustees of Grenco. The trial court sustained the demurrer and granted Grenco leave to amend. Grenco elected to stand upon its motion for judgment, and its action was dismissed.

Grenco concedes that at common law a trust could not ordinarily sue in its own name but only by its trustees. Grenco contends, however, that because it is a creature of statute with attributes decidedly different from a traditional trust, it qualifies as an "unincorporated association" within the meaning of Code § 8-66 and is thereby entitled to sue in its own name.

Chapter 9 of Title 6.1 of the Code, embracing sections 6.1-343 to 6.1-351, permits creation of a real estate investment trust. Such a trust is strictly a business organization, designed to deal in interests connected with land. It may be of unlimited duration without regard to the rule against perpetuities or accumulations. The trust issues "certificates of interest" evidencing ownership of beneficial interest therein. The certificate holders, who may or may not be allowed to vote, are treated for certain purposes as if they were stockholders. The trustees may be vested with unlimited powers to conduct the business of the trust and to appoint or elect their own successors. The trustees are not personally liable to creditors of or claimants against the trust; only the assets of the trust are liable for its debts. And, more important, the trust may hold property in its own name.

Thus, while the organization in question is called a trust and has trustees, there is little other similarity between it and a traditional trust. We believe a real estate investment trust created under Chapter 9 of Title 6.1 of the Code is an "unincorporated association" within the meaning of Code § 8-66, entitled to sue in its own name. It was error, therefore, to sustain the demurrer to Grenco's motion for judgment and to dismiss its action. Accordingly, the judgment appealed from will be reversed and the case remanded for further proceedings.

*Reversed and remanded.*