# CIRCUIT COURT OF THE CITY OF RICHMOND

Krzyston's Administrator

v.

The Teamsters Joint Counsel No. 83
of Virginia Pension Fund et al.

November 22, 1976

Case No. 9697

By JUDGE MARVIN F. COLE

On November 1, 1976, the parties appeared to be heard upon a general demurrer filed by both defendants, who stated that the ground upon which the demurrer was based was that the defendants under Virginia law could not be sued in the name of the trust fund, but that the proper manner to file such a suit was against the trustees of the trust fund.

The position of the defendants is to the effect that at common law an action could not be maintained against a trust and that a trust fund did not come within the scope of § 8-66 of the Code of Virginia.

Section 8-66 states the following:

> All unincorporated associations or orders may sue and be sued under the name by which they are commonly known and called, or under which they do business, and judgments and executions against any such association or order shall bind its real and personal property in like manner as if it were incorporated.

The question is then whether a trust fund not

incorporated comes within the scope of the above statute.

The case of *Yonce* v. *Miners Memorial Hospital Association*, 161 F. Supp. 178, fully discusses the relationship between a "trust" and an "association" and is dispositive of the above question.

In the *Yonce* case the Court stated the following:

> The Court finds as a matter of law that the Fund is a Trust and is not an unincorporated association in the sense contemplated by Rule 17(b) of the Federal Rules of Civil Procedure and Section 8-66 of the Code of Virginia.
>
> The words "unincorporated association," as employed in Rule 17(b) of the Federal Rules of Civil Procedure and Section 8-66 of the Code of Virginia above mentioned, denote a voluntary group of persons joined together by mutual consent for the purpose of promoting some stated objective. Such an association suggests an organized group made up of persons who become members of the association voluntarily, but subject to certain rules or by-laws; the members are customarily subject to discipline for violations or non-compliance with the rules of the association. The word "association" as here used refers to associations such as trade unions, fraternal organizations, business organizations, and the like.
>
> The Fund has no membership or any of the other characteristics usually found in an unincorporated association. The Board of Trustees of the Fund receive and pay out the funds in accordance with the general plan set out in the trust agreement. The trustees are acting in a fiduciary capacity and are limited in their activities by the terms of the trust agreement. They are not permitted (as they might be if they were an "association" of three individuals) to prescribe the conditions or qualifications of their membership or their duties, to enlarge or reduce their membership, to enlarge or

decrease the scope of their activities, to dissolve the association, or to do many of the other things that they would be permitted to do if the three trustees were an "association." At 186.

This court notes that in *Grenco Investment Trust v. Brooker*, 215 Va. 413, the Supreme Court held that a real estate investment trust was in fact an unincorporated association. However, the court was careful to point out that this type of trust, provided for by special statute, had little similarity to a traditional trust.

The court, therefore, holds that the plaintiff cannot sue the defendants in their fund name but can only do so by proceeding in the name of the individual trustees.

It is also noted that Sec. 502(d)(1) of the Pension Reform Act of 1974 provides that an employee benefit plan may sue or be sued under the Reform Act as a legal entity. However, the Reform Act was not in effect on the date of death (November 1973) of Walter J. Krzyston, and the court does not feel that the Reform Act can be applied retroactively.

In view of the holding of the court that the funds cannot be sued as an entity, the motion to quash process will not be considered at this time since the parties before the court are not proper and the proper parties would not be bound by any decision in this regard.

The motion for judgment will be dismissed with the right granted to the plaintiff to amend within 21 days of the date of the order.